IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 11, 2015 Session

## NATIONAL COAL, LLC v. BRENT GALLOWAY

**Appeal from the Chancery Court for Campbell County
No. 7CH12014CV13     Hon. Elizabeth C. Asbury, Chancellor**

---

**No. E2015-00723-COA-R3-CV-FILED-JANUARY 29, 2016**

---

This action concerns a petition to set aside a tax sale as void for lack of notice to the original property owner. The purchaser of the property filed a motion to dismiss, arguing that the original owner was not entitled to notice, that the petitioner received actual notice as the current owner, and that the petition was untimely. The petitioner countered with a motion for summary judgment. Following a hearing, the trial court dismissed the petition, finding that the petitioner received actual notice of the sale and that the time for filing such actions had passed. The petitioner appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and CHARLES D. SUSANO, JR., J., joined.

Timothy W. Jones, Sevierville, Tennessee, for the appellant, National Coal, LLC.

Lewis S. Howard and Erin J. Wallen, Knoxville, Tennessee, for the appellee, Brent Galloway.

## OPINION

### I.     BACKGROUND

The property at issue was conveyed by David B. Rogers, along with others not pertinent to this appeal, to LaFollette Enterprises, L.P. ("LaFollette") in 1992 and 2005. On August 8, 2008, LaFollette conveyed the property to Rex Coal, Inc. ("Rex Coal"), a Tennessee Corporation with a registered address of 8915 George Williams Road, Knoxville, Tennessee 37923. The warranty deed provided, in pertinent part, as follows:

> [LaFollette], for itself and its successors and assigns, does hereby covenant with [Rex Coal], its successors and assigns, that it is lawfully seized in fee simple of the premises above conveyed and has full power, authority and right to convey the same, and that said premises are free from all encumbrances except taxes for the year 2008, which shall be prorated as of the date of closing and which [Rex Coal] assumes and agrees to pay[.]

Despite the agreement, neither party remitted payment for the 2008 taxes.

In December 2008, National Coal Corporation ("National Coal"), the owner and sole shareholder of Rex Coal, filed articles of amendment with the Tennessee Secretary of State ("the Secretary") to change the name of Rex Coal to Jacksboro Coal Company, Inc.,[1] with the same address. On December 9, 2010, National Coal filed articles of conversion with the Secretary to change the name to Jacksboro Coal Company, LLC and to change its own name to National Coal, LLC, both with the same address.

Six days later, on December 15, 2010, Ranger Coal Holdings, LLC purchased National Coal. On that same day, a Summons and Notice for New Owner was served on Daniel A. Roling, the president and CEO of National Coal. The summons, advising the recipient that a delinquent tax suit to enforce the lien on the property at issue for the 2008 property taxes had been instituted by Campbell County ("the County"), was addressed to Rex Coal but listed David B. Rogers as a defendant.

On May 21, 2011, the property at issue was purchased by Brent Galloway ("Purchaser"). An order confirming the sale was entered on August 31, 2011. Two months later, the principal address for Rex Coal was changed to 106 Lockheed Drive, Beaver, West Virginia 25813.[2] Additionally, the registered agent authorized to receive service of process was changed from Daniel A. Roling to Stephen W. Ball. The County was not advised of the changes.

On August 17, 2012, a Notice of Right of Redemption was mailed to Rex Coal. The notice was returned as undeliverable because it had been mailed to 8615 George Williams Road, Knoxville, Tennessee 37927.[3] Furthermore, Rex Coal was no longer in existence at that time.

---

[1] We will continue to refer to this entity as Rex Coal in order to avoid confusion.

[2] The same change was made for National Coal in May 2011.

[3] Purchaser argues that this was the address on file with the County. National Coal claims that the address on file was 8915 George Williams Road. This fact is not pertinent to the issues presented on appeal.

On February 20, 2014, National Coal filed a petition to set aside the tax sale as void for lack of notice. National Coal argued that LaFollette should have received notice of the delinquent tax suit as the named party when the delinquent taxes became a personal debt of the property owner on file in January 2008. Alternatively, National Coal argued that the notice provided to Mr. Roling was inadequate when David B. Rogers was listed as the named party with Rex Coal's address. National Coal asserted that a simple search would have revealed Rex Coal's name change, entity status, and the registered agent authorized to receive service of process. National Coal tendered $4,015.50 to the court, which included the delinquent property taxes, the amount tendered by Purchaser at the tax sale with interest, and other expenses.

Purchaser filed a motion to dismiss, arguing that LaFollette was not a necessary recipient of the notice when the County chose to enforce the lien instead of initiating an action to collect the delinquent taxes as a personal debt. He also argued that Rex Coal was provided with actual notice when the notice was properly delivered to the address of the owner of the property on record. Further, he claimed that the petition was untimely when Petitioner knew or should have known of its alleged cause of action on December 15, 2010, when Mr. Roling accepted service of process, yet failed to file the petition within one year of the order confirming the tax sale.

National Coal responded by asserting that the motion to dismiss should be treated as a motion for summary judgment.[4] National Coal filed its own motion for summary judgment, arguing that it was entitled to judgment as a matter of law. National Coal again claimed that the sale should be set aside as void when LaFollete was not provided with notice even though LaFollette was personally liable for the delinquent taxes.

Following a hearing on the competing motions, the trial court dismissed the petition without ruling on whether the motion to dismiss should be treated as one for summary judgment. Instead, the court granted the motion to dismiss and alternatively awarded summary judgment to Purchaser, thereby denying National Coal's motion for summary judgment and simultaneously treating Purchaser's motion as one for summary judgment. The court found that the tax sale was not void when Rex Coal received actual notice of the suit and also held that the petition was untimely. This timely appeal followed.

---

[4] Purchaser disagreed with this assertion.

## II.     ISSUES

We consolidate and restate the issues raised on appeal as follows:

> A.     Whether the tax sale is void for lack of notice to the original property owner.
>
> B.     Whether this action is barred by the applicable statute of limitations.

## III.     STANDARD OF REVIEW

This appeal presents questions of law.[5] We review questions of law de novo with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006). This appeal also involves the interpretation of statutes. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting a statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

## IV.     DISCUSSION

### A. & B.

National Coal argues that the tax sale was void for lack of notice to LaFollette, an indispensable party pursuant to Tennessee Code Annotated section 67-5-2101(b) and Rule 19.01 of the Tennessee Rules of Civil Procedure. National Coal claims that LaFollette was not afforded due process and given an opportunity to appear and defend against its potential liability. Purchaser responds that LaFollette was not entitled to notice of the suit because LaFollette no longer held an interest in the property.

---

[5] It is not necessary for this court to decide whether the motion to dismiss should have been treated as on for summary judgment when the trial court decided the issues solely as questions of law. Moreover, National Coal does not argue on appeal that it was prohibited from engaging in further discovery as a result of the court's failure to rule on the issue.

Tennessee Code Annotated section 67-5-2101 provides as follows:

> (a)     The taxes assessed by the state of Tennessee, a county, or municipality, taxing district, or other local governmental entity, upon any property of whatever kind, and all penalties, interest, and costs accruing thereon, shall become and remain a first lien upon such property from January 1 of the year for which such taxes are assessed.

> (b)     In addition to the lien on property, property taxes shall become and remain a personal debt of the property owner or property owners as of January 1 of the tax year, and, when delinquent, *may* be collected by suit as any other personal debt.  In any lawsuit for collection of property taxes, the same penalties and attorney fees shall apply as set forth in § 67-5-2410 for suits to enforce liens for property taxes.  The claim for the debt and the claim for enforcement of the lien *may* be joined in the same complaint.

(Emphasis added).  A plain reading of the statute reveals that the legislature anticipated two separate causes of action, one for the enforcement of the lien and another for personal liability.  Here, the County chose to file a delinquent tax suit to enforce the lien.  Service upon LaFollette, the owner as of January 1, 2008, was not necessary because LaFollette no longer held an ownership interest in the property and because the County never sought to obtain a personal judgment upon the claim for the debt.

Notice to an owner of a suit to enforce a tax lien is governed by Tennessee Code Annotated section 67-5-2415, which provides, in pertinent part, as follows:

> (a)     The court shall have jurisdiction to award personal judgment against an owner upon the claim for the debt upon determining that proper process has been served upon such owner.  The court shall have jurisdiction to award a judgment enforcing the lien by a sale of the parcel upon determining that any the following actions have occurred as to each owner:

>> (1)     That proper process has been served upon an owner;

(2)    That the owner has actual notice of the proceedings by mail or otherwise; or

(3)    That constructive notice by publication pursuant to §§ 21-1-203 and 21-1-204, except as modified in this section, utilizing a description of the parcel in accord with § 67-5-2502(a)(1), has been given to unborn, unfound and unknown owners and that the plaintiff has made or will make a diligent effort prior to the confirmation of the sale of the parcel to give actual notice of the proceedings to persons owning an interest in the parcel, as identified by the searches described in § 67-5-2502(c)(2).

* * *

(f)    The return of the receipt signed by the defendant, spouse, or other person deemed appropriate to receive summons or notice as provided for in the Rules of Civil Procedure, or its return marked "refused", "unclaimed", or other similar notation, as evidenced by appropriate notation of such fact by the postal authorities, and filed as a part of the record by the clerk shall be evidence of actual notice.  Process and notices delivered by registered or certified mail or by an alternative delivery service, with a return receipt, to an interested party's registered agent at the agent's address or to the address of the interested party, each as shown on the corporate records of a state secretary of state or other officer responsible for maintaining such records, shall be sufficient to bind the interested party as to notices and service of process.

(g)    Prior to confirming the sale of a parcel, the court shall determine that a diligent effort has been made to give actual notice of the proceedings to all interested persons,[6] as identified by the searches described in § 67-5-2502(c)(2).

Furthermore, Tennessee Code Annotated section 67-5-2502(a)(3) provides, in pertinent part, as follows:

---

[6] A interested person is defined as a person or entity "that owns an interest in a parcel."  Tennessee Code Annotated section 67-5-2502(c)(2).

> Notice to parties or others in delinquent tax suits and sales shall be governed by the Tennessee Rules of Civil Procedure . . . , and may be forwarded to the address of an owner of the property that is on record in the office of the assessor of property.

Here, the actual notice was provided to Rex Coal through Mr. Roling, Rex Coal's registered agent at the time notice was provided in December 2010. Accordingly, the trial court did not err in refusing to void the sale for lack of notice.

National Coal further argues that the court erred in barring the petition as untimely because the petition was filed within the applicable three-year statute of limitations. Purchaser responds that National Coal was subject to the one-year statute of limitations because it was provided with actual notice of the delinquent tax suit on December 15, 2010. Contrary to National Coal's assertion, Tennessee Code Annotated section 67-5-2504 provides, in pertinent part, as follows:

> (d)(1) A suit to invalidate any tax title to land shall be commenced within one (1) year from the date the cause of action accrued, which is the date of the entry of the order confirming the tax sale.
>
> (2)    The statute of limitations to invalidate the sale of any tax title shall be one (1) year as set forth in subdivision (d)(1), except that it may be extended to one (1) year after the plaintiff discovered or with the exercise of reasonable due diligence should have discovered the existence of such cause of action.
>
> (3)    In no event shall any action to invalidate any tax sale title be brought more than three (3) years after the entry of the order confirming the tax sale.

Here, Rex Coal through National Coal was provided with actual notice of the delinquent tax suit on December 15, 2010, thereby requiring compliance with the one-year statute of limitations. The order confirming the sale was entered on August 31, 2011. National Coal filed its petition on February 20, 2014, well beyond the applicable one-year statute of limitations. Accordingly, the court did not err in dismissing the petition as untimely.

# V.    CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, National Coal, LLC.

_____
JOHN W. McCLARTY, JUDGE